IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA JEAN PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:15-CV-200-WKW |
| ) | |
| HOUSTON COUNTY ) | |
| HEALTHCARE AUTHORITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This case involves a claim of medical malpractice arising under the Alabama Medical Liability Act ("AMLA").  Before the court is a motion to dismiss, or in the alternative, motion for more definite statement, filed by Defendants Steven F. Johnson, M.D. and John Vernon Manning, Jr., PA-C (hereinafter "Defendants"). (Doc. # 9.)  The court directed Plaintiff Donna Jean Price to show cause, on or before May 1, 2015, why the alternative motion for more definite statement should not be granted.  (Doc. # 13.)  Plaintiff has filed a response opposing Defendants' motion to dismiss, but she is non-responsive to the alternative motion for more definite statement.  (*See* Doc. # 14.)  Upon consideration of Defendants' motions, the Complaint, and relevant law, the court finds that the motion to dismiss and alternative motion for more definite statement are due to be denied.

## I.  JURISDICTION AND VENUE

The court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested by the movants.[1]

## II.  STANDARDS OF REVIEW

### A.  Rule 12(b)(6) Motion to Dismiss

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

### B.  Rule 12(e) Motion for More Definite Statement

A party may "move for a more definite statement" under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a

---

[1] Non-moving Defendant Houston County Healthcare Authority denies Plaintiff's allegations of subject-matter jurisdiction and venue, (*see* Answer at ¶¶ 5–6 (Doc. # 6)), but it has not filed a motion to dismiss under Rule 12(b).

2

response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Motions for more definite statements are generally disfavored by courts and are granted only when the plaintiff's pleading is so unintelligible that the defendant "cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005); *see also* Charles Alan Wright, et al., 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.).

### III. DISCUSSION

Defendants assert that the Complaint fails to comport with the AMLA's more stringent pleading standard that a plaintiff's medical malpractice complaint "include . . . a detailed specification and factual description *of each act and omission* alleged by plaintiff to render the health care provider liable . . . ." Ala. Code § 6-5-551 (emphasis added); *see also Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993) ("[The AMLA] qualifies the generalized pleadings permitted by [Alabama's version of] Rule 8(a) by requiring in medical malpractice actions that the complaint include a detailed specification and factual description of the [defendant's alleged] act[s] and omission[s]."). The AMLA states that "[a]ny complaint which fails to include such detailed specification and factual description

3

of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted." Ala. Code § 6-5-551. Plaintiff's Complaint purports to set out "[a] *non-exhaustive* specification of [Defendants'] negligent, willful, and/or wanton administration and provision of medical care." (Compl. at ¶ 17.) Defendants contend that, by pleading that her allegations are "non-exhaustive," Plaintiff has failed to comply with the AMLA's standard for pleading a medical malpractice claim.[2]

Plaintiff responds by defending the adequacy of her pleading, noting the specificity of her allegations that Defendants negligently or wantonly left surgical pledgets[3] in her esophageal wall during cardiac surgery in April 2013. (*See* Compl. at ¶ 17(a)–(g).) She asserts that the allegations are adequate to state a claim for relief under the requirements of AMLA, *Iqbal*, and *Twombly*. Plaintiff does not, however, address Defendants' argument that she simply may not prosecute her medical malpractice claim with "non-exhaustive" allegations of wrongdoing.

---

[2] Additionally, Defendants explain that Plaintiff will be limited by the AMLA if she seeks to discover information beyond the specific acts and omissions she has pleaded. (Doc. # 9, at 2–3 (citing *Ex parte Mendel*, 942 So. 2d 829, 831 (Ala. 2006)).) This is a preview of what objections Defendants may raise in future discovery, not a reason to dismiss the complaint or require a more definite statement.

[3] A pledget is a small wad of cotton or other soft, absorbent material used to stop an open wound.

The court agrees with Plaintiff that her Complaint easily satisfies the "facial plausibility" pleading standard enunciated in *Iqbal* and *Twombly*. Moreover, the Complaint complies with the AMLA's pleading standard. Plaintiff has alleged specifics acts and omissions that could "render [Defendants] liable." Ala. Code § 6-5-551. Defendants suggest that the statute's requirement that Plaintiff include specifics of "*each* act and omission" precludes her from proceeding on an incomplete or "non-exhaustive" set of facts, but the AMLA contemplates the prompt submission of an amended pleading on the basis of "new or different acts or omissions." *Id.* (emphasis added). The one word in the Complaint that Defendants find objectionable – "non-exhaustive" – has been used by Plaintiff, presumably on purpose, to suggest that Defendants' alleged liability may be premised on other specific acts and omissions of which she is unaware and, therefore, unable to plead.[4] Defendants have not shown that the use of the word "non-exhaustive" in an AMLA complaint is a basis for dismissal, and the motion to dismiss is due to be denied.

Likewise, Defendants' motion for more definite statement is unwarranted because the Complaint is neither so vague nor so ambiguous that it prevents Defendants from filing a responsive pleading. In fact, the Complaint is neither

---

[4] If Plaintiff becomes aware of more information and chooses to amend her pleading, Rule 15 requires "[t]he court [to] freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

vague nor ambiguous, and Defendants have made no argument to the contrary. Hence, the motion for more definite statement is due to be denied.

## IV.  CONCLUSION

On the basis of the foregoing analysis, it is ORDERED that Defendants' motion to dismiss and alternative motion for more definite statement (Doc. # 9) are DENIED.

DONE this 1st day of May, 2015.

                                        /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE